1  Richard B. Tonini
   7734 Madrilena Way
2  Carlsbad, CA 92009
3  Phone: 760-271-2492
   rick@tddiversified.com
4

FILED

2012 DEC 11  PM 12: 36

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY  _____ DEPUTY

8        UNITED STATES DISTRICT COURT
9        SOUTHERN DISTRICT OF CALIFORNIA

10  **RICHARD B.  TONINI**          Case No. **'12 CV 2949 CAB JMA**
    PLAINTIFF,
11
                                    **VERIFIED COMPLAINT**
12  **VS.**
                                    **TRIAL BY JURY**
13  **BANK OF AMERICA, N.A. PAYMENT
    PROCESSING**
14  DEFENDANT,                      Date:  December 11, 2012
15

16
17  **COMES NOW RICHARD  TONINI HEREINAFTER REFERRED TO AS "PLAINTIFF,"**

18  **AND MOVES THE COURT FOR RELIEF AS HEREIN REQUESTED:**

19
20                              **PARTIES**

21      Plaintiff in the instant cause is Richard B. Tonini, hereinafter referred to as "Plaintiff", at 7734

22  Madrilena  Way, Carlsbad, CA 92009.   Defendant, BANK OF AMERICA, N.A. Payment

23  Processing , hereinafter, "Defendant" at PO Box 650070 Dallas, TX 75265-0070.  Registered

24  Agent: CT CORPORATION SYSTEM, 818 Seventh Street, Los Angeles, CA 90017.

25
26                          **JURISDICTION and VENUE**

27      This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331and § 1332 placing the
28

1

District Court in the position of Jurisdiction over:

> A. claims of Federal Questions concerning Fair Debt Collection Practices Act, hereinafter referred to as " 15 U.S.C. 1692;" questions and claims of violation of Constitutionally protected Fundamental Rights;
>
> B. violations of Plaintiff's common-law Rights in matters involving Federal Corporations and Interstate Commerce in the form of lending and Banking;

violations of Plaintiff's Rights codified pursuant to Interstate Law/Compact entitled the Uniform Commercial Code ("UCC" hereafter).

The amount in controversy exceeds $ 75,000.00.

This court also has supplemental jurisdiction over all other claims that are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367 .

Venue is properly laid in the Federal Court of the United States in the Judicial District ,pursuant to 28 U.S.C. § 1391(c).

Plaintiff avers that the court has in personam jurisdiction over the named Defendant(s) as Defendant(s) are subject to the Jurisdiction of this Federal Court by the following facts:

> A. Defendant has entered into interstate commerce by causing to be transmitted through the United States Mail, - Title 18 § 1241;
>
> B. Defendant is subject to the FDCPA - Title 15 § 1692 et. seq. by acting as a Debt Collector, in that Defendant is not the originator of the alleged debt, neither is Defendant a bona fide agent of the originator or subsequent true holder of the alleged debt.

**Statement of Facts**

Plaintiff states as a fact that Defendant, on or about September 12, 2012 caused to be prepared and sent to Plaintiff, a document noticing Plaintiff that Defendant was the agent for the holder of the note or the true holder of the note.

Defendant made demand on Plaintiff for payment of an alleged debt in the amount of $88,822.31 . Defendant, by preparing and sending the above referenced communication claimed authority to collect said debt. Defendant claimed the existence of a document establishing a lien against the property owned by Plaintiff. Defendant claimed authority to exercise the provisions of said lien document for the purposes of collecting the above alleged debt.

> Fair Debt Collection Practices Act § 803. Definitions [15 USC 1692a]
> As used in this title -- (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

To Plaintiff's knowledge, Plaintiff never entered into a contractual agreement with Defendant. Defendant claimed authority to exercise foreclosure on an alleged lien against real property located at 7734 Madrilena Way, Carlsbad, CA. To Plaintiff's knowledge, Plaintiff never created a document creating a lien against Plaintiff's real property to the benefit of Defendant. On July 18, 2012 Plaintiff sent to Defendant a request for validation of the alleged under the provisions of the Fair Debt Collection Practices Act (FDCPA).

> FDCPA Section 809. Validation of debts [15 USC 1692g]
> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

3

Defendant has yet to properly respond to Plaintiff's request, therefore, Defendant is subject to statutory estoppel from further collections attempts as a matter of law.

Defendant now has the burden to prove agency. Again, where that burden is presumed and not compelled proved, the burden, by this request, has been shifted.

Plaintiff, on investigation and belief, alleges that Defendant violated the Fair Debt Collections Protections Act to the detriment of Plaintiff by using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendant misrepresented the character, amount, and legal status of the alleged debt; (15 USC 1692(e)(2)) & (f), and by threatening to take action against Plaintiff that could not legally be taken. (15 USC 1692(e)(5)).  By causing to be sent to Plaintiff, through the United States mail, fraud and/or negligent demands for payment for which Defendant had no authority to make.  Plaintiff alleges and avers that Defendant caused to be sent through the United States Mail Service, fraud and/or negligent demands for payment from Plaintiff in order to facilitate the herein alleged fraud and/or negligence.  Plaintiff alleges and avers that Defendant subjected Plaintiff to a fraud and/or negligence scheme to collect monies not owed to Defendant and that Defendant intended to collect the full amount on an alleged debt, which over the term of the alleged debt would amount to (full amount of principal and interest over term of alleged note), $844,086.99 .

Plaintiff alleges and avers that the above alleged scheme has the result of making it impossible for a purchaser of a private residence involved in said scheme to ever achieve the primary purpose of the contract, that of achieving quiet title at completion of the contract.

Plaintiff alleges and avers that Defendant failed to exercise due diligence concerning Defendant's standing to collect the alleged debt claimed by Defendant to be owed to Defendant or Defendant's principal, by Plaintiff.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Objection To Any Claim of Debt Without Proof

Plaintiff is not refusing to pay any valid debt owed by Plaintiff, but merely is demanding that the person or entity claiming authority to collect said debt prove up their position. In as much as Plaintiff's research shows that, when claims of this nature are brought, Defendants often, instead of simply proving up authority to collect the debt, offers up protracted arguments concerning the merits of the debt. Such a tactic would be ingenuous and a failure of the Defendant to speak with candor to the court in an attempt to confuse and distract the court from the only issue raised. The only issue Plaintiff brings is the lack of a showing of authority, by Defendant, to make the demand on Plaintiff that Defendant made. Plaintiff will object to any consideration by this court of any issue not raised by the instant Complaint.

### Conclusion

Defendant made a proactive claim against Plaintiff. Plaintiff, acting in good faith reliance on the specific statutory remedy intended by the Congress when it passed the Fair Debt Collection Practices Act (15U.S.C. 1692). Said act was intended to provide a specific remedy of allowing an alleged debtor to do due diligence and insure that any person making a claim of authority to collect United States money from another person be required, on request, to prove up authority to make the claim. Plaintiff has made such a request and relies on the clear intent of the Legislature and the courts to enforce same.

### Plaintiff Demands Strict Proof of Agency, Standing, and Capacity

In as much as Defendant has made a claim of authority to collect on a debt, it should be no great imposition to ask that Defendant simply show Defendant's authority. Certainly, before making a demand for payment of United States Money, Defendant had already exercised due

diligence to ensure that Defendant had authority to make the claim made, otherwise the claim would be an act of criminal fraud against Plaintiff for the purpose of conversion of the personal property of Plaintiff to Defendant.  Plaintiff Demands Strict Verified Proof.

Plaintiff herein demands strict verified proof, according to the rules of evidence all of the following:

A.  that Plaintiff entered into a legal and binding contract with Defendant that would establish the alleged debt;

B.  that Defendant is the singular and true holder of said debt instrument; Plaintiff herein demands strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning the property, or sent to Plaintiff or any other entity concerning the alleged obligation Defendant has attempted to collect from Plaintiff.

In the event that Defendant were to prove that a debt claim exists against the property, and that Defendant is the holder or agent for the holder of said debt, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendant is attempting to collect a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that:

1.  Plaintiff entered into a contract with Defendant, or Defendant's principal for whom Defendant claims to act as agent, granting Defendant a legal claim against the property as

protection against loss in the event Plaintiff failed to meet the obligations of the above alleged debt;

2. Defendant is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property;

3. The alleged document purporting to create a lien against the property was granted by Plaintiff to Defendant or to Defendant's principal for whom Defendant claims to be acting as agent;

4. In the event Defendant claims to have received assignment of the alleged debt instrument, Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, or Defendant's principal, is the exclusive holder of said instrument;

5. In the event Defendant is able to produce a bona fide lien document, Plaintiff herein demands strict verified proof that Plaintiff granted such claim to Defendant by name or was assigned said agency and standing by an entity holding legal and equitable title to said debt obligation.

On proof of the above, Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, at no time, received consideration in return for a transfer of the above referenced note, the basis of which the above referenced lien document was allegedly written as protection against loss to the holder, to a third party for consideration tendered.

In the event Defendant claims to be the holder of a lien document that was not granted directly to Defendant in Defendant's name, or in the name of the principal for which Defendant claims to act as agent, Plaintiff herein demands strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document.

7

In the event Defendant is able to produce a complete chain of legal possession of the above referenced document purporting to create a lien against the property, Plaintiff herein demands strict verified proof, according to the rules of evidence that, at all times, the ownership of the alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another held the alleged note.

In the event that Defendant were to prove that a debt claim exists against the property, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported debt claim which Defendant is attempting to collect.

If the above alleged debt obligation

**Causes of Action**

**FDCPA – 1ˢᵗ CAUSE OF ACTION – (15 U.S.C. 1692E and F)**

Comes now Plaintiff, and hereby complains and alleges that the Defendant did violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and misleading information by mailing a dunning letter dated 12-Sep-12 by U.S.P.S. to the Plaintiff which asked for a lump sum of money. Defendant failed to prove up the existence of a debt to which Plaintiff was liable. Defendant failed to provide evidence to show that Defendant was a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant failed to show agency for a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant further failed to show that said bona holder was also a bona fide holder of a document establishing a lien against real property owned by Plaintiff. Defendant further failed to itemize the various charges that comprised the total amount of the alleged debt. Defendant failed to clearly and fairly

communicate information about the amount of the alleged debt to Plaintiff.  This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs, this in violation of 15 U.S.C. 1692(e).  Defendant used false, deceptive and misleading representations in connection with collection of any debt, 15 U.S. C § 1692e.  By demanding payment of a debt Plaintiff did not owe and by making direct, indirect, and valid threats of dire consequences to Plaintiff if Plaintiff failed to pay the alleged debt, Defendant acted in clear violation of 15 U.S.C. 1692(f), Fields v. Wilber Law Firm, USCA-02-C-0072, Circuit Court, Sept 2, 2004B.

### FDCPA – 2nd CAUSE OF ACTION--Overshadowing

Defendants "Bill" meets the definition of overshadowing. The overshadowing in the document sent to the Plaintiff stated to "balance due" and "account paid in full which overshadows the consumer warning on the document. 1996 U.S. Dist. LEXIS 22555, DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT ASSOCIATES, Defendant. 96-C-0195-S USDC FOR THE WESTERN DISTRICT OF WISCONSIN.

### Negligence – 3rd cause of action – Fraud in Factum

Defendant, on 12-Sep-12 caused to be sent to Plaintiff, through the United States Mail, a letter demanding that Plaintiff pay United States Money in the amount of $88,822.31 . The letter was in the form of a monthly payment. Defendant acted to miss-lead Plaintiff into believing that Plaintiff was under obligation to forfeit Plaintiff's personal property to Defendant in the form of money of the United States. Defendant made the above referenced demand on Plaintiff under the guise of being a debt collector, attempting to collect a debt.

Defendant made a false representation to Plaintiff demanding payment on a debt. Defendant

9

1  knew, or should have known that said demand was made without standing or capacity on the part

2  of Defendant. Defendant intended that Plaintiff accept the representation of Defendant as true.

3  Plaintiff believed Defendant and was harmed thereby.

4

5

6  Defendant, by falsely demanding payment from Plaintiff when Defendant lacked standing

7  and/or capacity to make such demand was an act of criminal fraud and/or negligence which results

8  in the civil tort alleged here under the cause of action of common law fraud and/or negligence or

9  fraud and/or negligence per se.

10

11

12  Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this

13  Complaint.

14

15  **WHEREFORE,** upon failure of Defendant to prove up agency, standing, and capacity to

16  demand payment of United States money from Plaintiff, Plaintiff prays for judgment against the

17  Defendant as follows:

18

19       1.  For quite title to Property against any unproven claims made by Defendant;

20       2.  For disgorgement of all amounts wrongfully acquired by Defendant according to

21           proof at trial;

22

23       3.  For the assessment of a penalty against Defendant in the maximum amount allowed

24           by the Fair Debt Collection Practices Act for each violation of same as proved up at

25           trial;

26       4.  For three times the amount Defendant intended to defraud Plaintiff of in an amount

27           equal to treble the total amount of the alleged debt Defendant intended to collect

28

from Plaintiff as proved up at trial:

5. For compensation for pain and suffering due to extreme mental anguish in an amount to be determined at trial;

6. For pre-judgment and post-judgment interest according to proof at trial;

7. For attorney's fees and costs as provided by statute; and,

8. For such other relief as the Court deems just and proper.

Respectfully,

Date:  December 11, 2012

Richard  B.  Tonini

1

2

**VERIFICATION**

3   I, Richard  Tonini do swear and affirm that all statements made herein are true and accurate, in all respects, to the best
of my knowledge.

4

5

6   **Richard B. Tonini**

7   **7734 Madrilena Way**
**Carlsbad, CA 92009**

8

9   The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed
to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his
10   signature on this instrument who is the person who executed this instrument.
I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

11
Witness my hand and official seal.

12                                                         

13

14   **NOTARY PUBLIC IN AND FOR**                 **Notary Seal**
**THE STATE OF CALIFORNIA**

15

16

17

18

19

20

21

22

23

24

25

26

27

28