UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard B. Tonini,<br><br>                       Plaintiff,<br>vs.<br><br>Bank of America, N.A. Payment Processing,<br><br>                       Defendant. | CASE NO. 12-cv-02949-CAB (JMA)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS and DENYING PLAINTIFF'S MOTION TO AMEND<br><br>[Doc. Nos. 7, 18] |

*Pro se* Plaintiff Richard B. Tonini filed this wrongful foreclosure action challenging Defendant Bank of America, N.A.'s standing to enforce the deed of trust on property located at 7734 Madrilena Way, Carlsbad, CA 92009 ("the Property"). Before the Court is Defendant's motion to dismiss this action on which the Court held oral argument on July 19, 2013.[1]

**BACKGROUND**

This action was filed on December 11, 2012. The Court dismissed Plaintiff's initial complaint on April 25, 2013 for failure to satisfy Federal Rule of Civil Procedure 8 and for failure to sufficiently plead this Court's subject matter jurisdiction. [Doc. No. 13.] The Court granted Plaintiff leave to file an amended complaint on or before May 10, 2013. On May 9, 2013, Plaintiff filed "Plaintiff's

---

[1] At oral argument, the Court stated its tentative decision and rationale to dismiss this action. The Court provided the parties with the opportunity to present oral argument and to ask questions. Both parties declined the opportunity.

Verified First Amended Complaint." [Doc. No. 15.]

On May 28, 2013, Defendant filed a motion to dismiss Plaintiff's Verified First Amended Complaint. [Doc. No. 16.] On July 5, 2013, Plaintiff filed both his opposition to the motion to dismiss and a motion to amend the complaint, stating that Plaintiff's Verified First Amended Complaint was only a draft version and attaching the intended final version. [Doc. Nos. 18, 20.] Defendant filed its reply papers on July 12, 2013. [Doc. No. 21.] To avoid unnecessary motion practice and save judicial resources, the Court reviews the instant motion to dismiss based on the allegations of the complaint that Plaintiff claims is his final version ("hereinafter" the Complaint"), [Doc. No. 20-5].[2]

As pled in the Complaint, on August 12, 2012, foreclosure proceedings were initiated against the Property through the filing a Notice of Default in the amount of $84,568.49.[3] [Doc. No. 20-5 at 30-31, 56.] The Notice of Default notified Plaintiff that ReconTrust Company, N.A. "has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby." [*Id.* at 32.] The Notice of Default contains a declaration identifying Defendant as the mortgage servicer. [*Id.* at 32-33, 56-57.] Plaintiff alleges that "[n]either Recontrust Company or Bank of America N.A. have standing to act against the above referenced property." [*Id.* at 57.] ReconTrust is not a defendant in this action.

## LEGAL STANDARD

The Court must dismiss a complaint under Fed. R. Civ. P. 12(b)(6) where it fails to allege facts sufficient to "plausibly" state a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In evaluating the complaint, the Court does not accept "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor does the Court accept legal or factual allegations based on unwarranted

---

[2] The Court notified the parties on July 18, 2013 that Defendant's arguments in favor of dismissal would be considered in light of the allegations contained within the Complaint. [*See* Doc. No. 23.]

[3] The Notice of Default states that ReconTrust Company, N.A. is acting as the agent for the beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), under the deed of trust. [Doc. No. 20-5 at 31.] MERS is not a defendant in this action.

deductions or unreasonable inferences, or allegations that contradict matters properly subject to judicial notice. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## DISCUSSION

### I.   Subject Matter Jurisdiction

In this Court's previous order of dismissal, [Doc. No. 13], the undersigned held that the initial complaint failed to sufficiently plead that this Court has subject matter jurisdiction over his claims. This Court explained that Federal Rule of Civil Procedure 8 requires, among other things, that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). In Plaintiff's initial complaint, he claimed subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, but failed to put forth sufficient facts in support.

Plaintiff failed to cure the subject matter jurisdiction deficiencies laid out by this Court's prior order. In fact, departing from the initial complaint, the Complaint no longer contains any paragraphs addressing jurisdiction and venue. The Complaint does not contain facts showing complete diversity of citizenship. In the Complaint, however, Plaintiff claims to have a federal cause of action arising from the Fair Debt Collection Practices Act ("FDCPA").[4] Accordingly, this Court may have subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II.   Plaintiff's Lack of Standing Argument

The Complaint continues to allege, and Plaintiff argues in his papers, that "[t]he instant action was initiated for the sole purpose of determining the agency, standing, and/or capacity of Defendant to make the above referenced demand to Plaintiff for payment of an alleged debt obligation." [*See, e.g.*, Doc. No. 20-5 at 5.] This Court previously dismissed this action relying on *Gomes v. Countrywide Home*

---

[4]   Plaintiff also purports to state a wire fraud federal cause of action under 18 U.S.C. § 1343. However, that is a criminal statute which does not provide for a private right of action. *Valero v. Bank of America Home Loans*, No. 12cv1115, 2012 WL 6013495, *4 (E.D. Cal. Nov. 30, 2012). Plaintiff's non-federal causes of action appear to be (based on various headings littered throughout the "Causes of Action" section of Plaintiff's 133-page complaint): Fraudulent Misrepresentation, Common Law Fraud, and Breach of Contract. [*See* Doc. No. 20-5.]

*Loans, Inc.*, 192 Cal.App.4th 1149, 1156 (2011), which supports the proposition that there is no right to bring a speculative lawsuit to find out whether foreclosing entities have the authority to foreclose. [*See* Doc. No. 13 at 2-3.] The Court agrees with Defendant that *Gomes* continues to be a basis for dismissal of this action as there are no facts pled plausibly showing that Defendant lacks standing to foreclose. This cause of action is DISMISSED WITH PREJUDICE.

**III.   FDCPA**

Plaintiff pleads that his FDCPA claim arises from 15 U.S.C. § 1692g because Defendant failed to send Plaintiffs the debt validation notice demanded by § 1692g. However, Plaintiff fails to cure the deficiency previously identified by this Court that he did not sufficiently allege that Defendant was a "debt collector" within the meaning of the FDCPA. The excerpts from the relevant Notice of Default pled in the Complaint list Defendant as the mortgage servicer. As before, there are no facts pled to plausibly infer that Defendant was not acting in a mortgage servicer capacity. Mortgage servicers do not qualify as debt collectors within the meaning of the FDCPA.[5] Plaintiff's FDCPA claim is DISMISSED WITH PREJUDICE.

**IV.   RESPA**

Here, the Complaint contains allegations that reference the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*. Plaintiff does not list RESPA as one of his causes of action. Nevertheless, as the Court is cognizant of Plaintiff's *pro se* status, the Court addresses whether Plaintiff states a claim under RESPA.

Plaintiff attaches a letter to the Complaint, which is dated August 20, 2010 and labeled as a Qualified Written Request ("QWR"). The first sentence of the

---

[5] A debt collector does not include a loan servicer as long as the loan was not in default when it was assigned to the loan servicer. *Natividad v. Wells Fargo Bank, N.A.*, No. 12cv3646, 2013 WL 2299601, *4 (N.D. Cal. May 24, 2013). Defendant is the successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. The Complaint contains allegations showing that Plaintiff fell into default in 2012, well after Plaintiff received notice in 2006 that his loan was being serviced by Countrywide Home Loans Servicing, LP. [Doc. No. 20-5 at 27, 30.] Thus, there is no reason to believe that Plaintiff could sufficiently allege that Defendant was a "debt collector" within the meaning of the FDCPA.

letter reads, "[i]n reference to the above numbered account, debtor has reason to believe and does believe that the contractual agreement entered into between debtor and lender was entered into under false pretenses and with a lack of full disclosure on the part of lender." [Doc. No. 20-5 at 105.] The letter then goes on to request discovery regarding Plaintiff's loan origination. Plaintiff claims that Defendant – the servicer of the loan – failed to respond to this letter. Plaintiff further claims that he "is prepared to prove at trial, subsequent to discovery, that lender failed to provide a responsive answer to Plaintiffs 'Qualified Written Request' by proving up the amounts charged to Plaintiff at closing because the amounts charged was fraudulent, rendering the deed of trust contract entered into based on the purported truth of the disclosures contained in the Housing and Urban Development Form 1." [Doc. No. 20-5 at 75-76.]

Plaintiff's RESPA claim fails. RESPA requires "that the [QWR] letter must request information relating to servicing—[to] ensure[] that the statutory duty to respond does not arise with respect to all inquiries or complaints from borrowers to servicers." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012). Reading the Complaint and purported QWR letter generously in Plaintiff's favor, his purported QWR letter was not a qualified written request relating to the servicing of Plaintiff's loan. Thus, Plaintiff's letter does not qualify as a QWR letter under RESPA.

Even if Plaintiff's letter qualified as a QWR letter under RESPA, Plaintiff does not sufficiently allege damages to state a claim for relief under RESPA. To state a claim for RESPA relief, a plaintiff must allege either a purported pattern or practice of violating the statute or actual damage caused by the asserted violation. 12 U.S.C. § 2605(f); *Rey v. OneWest Bank, FSB*, No. 12cv02078, 2013 WL 1791910, *4 (E.D. Cal. Apr. 26, 2013). Here, Plaintiff does not allege a pattern or practice of violating RESPA and does not sufficiently allege any actual damages caused by the failure to respond to his letter.

1  Plaintiff claims that Defendant's failure to respond to his letter damaged him
2  because "Lender, at closing, charged Plaintiff for amounts not actually disbursed in
3  an act of criminal fraud." [Doc. 20-5 at 42.] Thus, the alleged harm occurred at the
4  closing of Plaintiff's loan, not upon Defendant's alleged failure to respond to the
5  purported QWR. Accordingly, Plaintiff fails to allege "actual damages which flow
6  from the servicer's failure to respond to the QWR." *Rey*, 2013 WL 1791910, at *4.
7  Plaintiff fails to allege a RESPA claim. Plaintiff's RESPA claim is DISMISSED
8  WITH PREJUDICE.

9  **V.  TILA**

10  The Complaint contains Truth in Lending Act ("TILA") allegations, but does
11  not list TILA as one of Plaintiff's causes of action. Nevertheless, the Court
12  addresses whether Plaintiff states a claim under TILA.

13  Plaintiff complains about the information contained in the loan origination
14  documents. Assuming Plaintiff seeks to pursue a TILA claim, the claim is time-
15  barred.[6] The right to rescind a transaction under TILA "expire[s] three years after
16  the date of consummation of the transaction or upon the sale of the property,
17  whichever occurs first." 15 U.S.C. § 1635(a), (f). For damages, the TILA
18  limitations period is one year, running from the date the loan was executed. *See*
19  *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Courts "will
20  apply equitable tolling in situations where, despite all due diligence, the party
21  invoking equitable tolling is unable to obtain vital information bearing on the
22  existence of the claim." *Socop–Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir.
23  2001) (internal quotation marks and alterations omitted). The facts pled and argued
24  do not warrant equitable tolling. Plaintiff's TILA claim is DISMISSED WITH
25  PREJUDICE.

26  Plaintiff's remaining causes of action – Fraudulent Misrepresentation,
27  Common Law Fraud, and Breach of Contract – are state law claims. The Court
28

---

[6] The Court expresses no opinion as to whether Defendant would be a proper defendant if a TILA claim had been timely made.

1 declines to exercise supplemental jurisdiction over these claims. Accordingly, the
2 state law claims are DISMISSED WITHOUT PREJUDICE to filing in state court, if
3 appropriate.

## CONCLUSION

Defendant's motion to dismiss [Doc. No. 16] is GRANTED.[7] As the Court considered Defendant's motion to dismiss in light of the allegations contained within Plaintiff's proposed complaint [Doc. No. 20-5], Plaintiff's motion to amend the complaint [Doc. No. 18] is DENIED as futile.

Plaintiff's "lack of standing" claim and his federal claims arising under FDCPA, RESPA, and TILA are hereby DISMISSED WITH PREJUDICE as the Complaint demonstrates that any amendment would be futile.[8] Plaintiff's state law claims arising from his Fraudulent Misrepresentation, Common Law Fraud, and Breach of Contract causes of action are DISMISSED WITHOUT PREJUDICE to filing in state court, if appropriate. In light of the deficiencies identified by both this order and this Court's prior order of dismissal and the fact that Plaintiff failed to cure dispositive deficiencies previously identified by this Court, the undersigned declines to hear any motions for reconsideration of this order.

This case is CLOSED.

DATED: July 19, 2013

_____
**CATHY ANN BENCIVENGO**
United States District Judge

---

[7] The Court declines to address Defendant's argument on behalf of non-defendant MERS.

[8] *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (where leave to amend would be futile, the Court may deny leave to amend).